A. F. ABBOTT and Z. R. BERRYMAN, partners under the firm name of BUILDERS & PAINTERS SUPPLY COMPANY, Appellants, v. H. M. WHITENER GROCERY COMPANY, Respondent.

St. Louis Court of Appeals, Submitted January 20, 1909, Opinion filed February 23, 1909.

REPLEVIN: Prima-Facie Case. In an action to replevin a wagon, the evidence is examined and held sufficient to warrant a finding that the wagon was delivered to the defendant for the purpose of settling a debt and that the person who conducted the transaction for the plaintiffs had due authority to do so.

Appeal from Madison Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED.

*Tesreau & Chitwood* for appellants.

*E. D. Anthony* for respondent.

REYNOLDS, P. J.—This is an action for the recovery of specific personal property, to-wit, a wagon. Action commenced in a justice's court, there decided in favor of plaintiffs, taken on appeal to the circuit court, there tried before the court, a jury having been waived, and a finding and judgment entered in favor of the defendant, respondent here, for the return of the wagon or payment of its value. The facts of the case as disclosed by the record are, that one John L. Settle, who at the time of the transaction was a partner in the firm doing business under the firm name of Builders & Painters Supply Company, Abbott and Berryman appearing to be the other partners, was indebted to the respondent on an open account, and the managers of the respondent proposed to Settle that he pay off what he owed them on his private account by turning over to them a wagon which belonged to his firm. Settle and two of the members of defendant company went to the place of business of the Builders & Painters Supply Co., and found there a man named Juan Sitzes, who appears to have been in charge of the place of business at the time. Sitzes had been a member of the Builders & Painters Supply Co. before that time but had sold out to Abbott a short time before. Settle suggested to Sitzes that he (Sitzes), representing the Builders & Painters Supply Co., sell him the wagon on credit, applying to the payment of it whatever Settle owed the company, which seems to have been about $30. There was testimony tending to show that Sitzes agreed to this, although that fact was strongly controverted, and the testimony was also conflicting as to whether Sitzes was in control of the Builders & Painters Supply Co. at the time as manager. At all events, there was testimony to warrant the court in finding, as he must have done, that Sitzes was manager for appellants and that as such he assented to the arrangement. Whereupon the wagon was delivered to the representatives of respondent and taken by them on the settlement of ac-

count with Settle at a valuation of sixty-two or sixty-three dollars.

No declarations of law were asked or given. There was conflict in the testimony as noted above, as to the authority of Sitzes and there was no testimony to show that Abbott and Berryman knew anything of the transaction. At the time of transaction Settle appears to have been a member of the Builders & Painters Supply Co., but shortly after the transaction he sold out his interest in the concern.

The finding of the learned and careful trial judge, with the facts and witnesses before him, is conclusive on us. We see no violation of any legal proposition by the trial court, in the trial and disposition of the case, and accordingly affirm the judgment. All concur.